EDWIN D. McGUINNESS, Administrator, *vs.* PATRICK WHALEN.

The purchaser at an administrator's sale of realty by auction refused to complete his purchase, whereupon the administrator sold the estate again at auction and for a smaller sum. The administrator then brought *assumpsit* against the original purchaser for the difference in the prices as liquidated damages.

*Held,* that the declaration was demurrable; the measure of damages being the loss to the vendor caused by the vendee's default, and this loss a jury might or might not gauge by the difference in prices.

To make a vendee liable in *assumpsit* for such difference in prices, the sale must be on condition that in case of the vendee's default the property may be resold and the vendee held for such difference.

An administrator's sale is not a judicial sale.

Whether, if the sale had been of personalty and not of realty, the declaration would be demurrable, is not decided.

ASSUMPSIT.  On demurrer to the declaration.

*July* 13, 1889.  DURFEE, C. J.  The declaration sets forth that at an administrator's sale at auction, held February 28, A. D. 1885, by William W. Nichols, administrator *de bonis non* on the estate of John Charlton, deceased, all the right, title, and interest of the decedent in certain land described was struck off to the defendant for $3,100 bid by him, said sum being the highest bid therefor; that the defendant paid $150 down as earnest money; that afterward, at a time appointed, the administrator was ready with his deed to convey the land in pursuance of the sale, but the defendant refused to accept it and pay over the residue of said $3,100; that subsequently, on May 26, A. D. 1885, the property was again put up at auction by said administrator and struck off to William H. Washburn for $2,150, the highest bid therefor, and conveyed to him for that sum.  The declaration then proceeds as follows, to wit: " And the plaintiff avers that on the 21st day of November, 1887, he was appointed administrator *de bonis non* of the estate of John Charlton, deceased, in the place and stead of said Nichols, removed, whereby the defendant became liable and

promised to pay to the plaintiff the difference between said sum of $3,100 and the costs of said second auction sale, viz., $40.17, and the sum of $2,150, amounting to the sum of $990.17." The declaration also contains the common money counts. The defendant has demurred to the declaration generally, but both parties have treated the demurrer as if it were simply a demurrer to the special count. We will so treat it.

The question as it has been argued to us is, whether the count is good as a count upon a promise to be implied from the facts alleged. We think not. The contract which the defendant entered into when he made his bid was a contract to pay the price bid by him for the premises upon receiving a deed thereof, and if, on tender of the deed, he refused to complete the payment, he committed a breach of said contract and laid himself liable to an action upon it for damages. In such action the measure of damage is the loss to the vendor from the default of the vendee, and it may be that the jury, upon proof of the second sale, would find the damages to be the difference between the two bids and the expense of the second sale, but the question would be purely one of damages, and they would not be shut up to that amount. *M'Combs* v. *McKennan*, 2 W. & Serg. 216; 37 Amer. Decis. 505. In order to make the vendee liable in *assumpsit* for such difference and expense in case of his default, it should be made a condition of the sale that in such case the property should be resold, and the vendee held to pay such difference and expense.

*Adams* v. *McMillan, Executor*, 7 Porter, Ala. 73, was a case of real estate sold at auction, and afterwards resold on default by the vendee. The declaration contained a count like the special count here. The court held that, where a declaration does not aver, as part of the contract of sale, a condition that the land shall be resold in case of such default, but only alleges the difference in price of the two sales, and, as a consequence of the vendee's breach of his contract, a liability on his part to pay that difference, being framed on the supposition that the difference is recoverable as on a contract, and not as unliquidated damages, the declaration will be bad on demurrer. *Robinson* v. *Garth*, 6 Ala. 204; 41 Amer. Decis. 47.

The plaintiff contends that the mode of declaring here used is

proper, because the sale was judicial, and in such sales the defaulting vendee is liable for the deficiency on resale, whether the terms of sale so provide or not. An administrator's sale, however, under our statutes, is not a judicial sale, as was decided by Judge Story in *Smith* v. *Arnold*, 5 Mason, 414, 420. It has been held in Alabama that purchasers at official sales who make default are liable by implied contract for the deficit on resale. *Lamkin* v. *Crawford*, 8 Ala. 153; *Hutton* v. *Williams*, 35 Ala. 503, 513; 76 Amer. Decis. 297. We do not find the doctrine recognized elsewhere; 2 Freeman on Executions, 2d ed. § 313; nor in our opinion can an administrator's sale be regarded as an official sale. In some states the defaulting purchaser is liable for "the deficiency arising on resale" by statute, *Alexander* v. *Herring et al.* 54 Ga. 200. We have no such statute. The subject of the sale, under which the question here arises, was real estate, the title to which could not pass to the purchaser without deed. Whether, if the subject had been goods and chattels, the same mode of declaring would have been bad, is a question on which we express no opinion.

*Demurrer regarded as demurrer to the special count sustained*

*Edwin D. McGuinness & John Doran*, for plaintiff.

*Edward D. Bassett*, for defendant.